**DUFFYAMEDEO LLP**
275 Seventh Avenue, 7th Fl
New York, New York 10010
Tel: (212) 729-5832
Todd E. Duffy
Douglas A. Amedeo
*Proposed Attorneys for Debtor, Siddiqui Group of Companies, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>**SIDDIQUI GROUP OF COMPANIES, LLC**<br>Debtor. | Chapter 11<br>Case No. 14-41353 (ESS) |

**DECLARATION OF TODD E. DUFFY IN SUPPORT OF APPLICATION
TO EMPLOY AND RETAIN DUFFYAMEDEO, LLP AS
<u>COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION</u>**

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF NEW YORK  )

TODD E. DUFFY, being duly sworn, deposes and says:

1.  I am a member of the law firm of DuffyAmedeo LLP ("DuffyAmedeo"), which has its address at 275 Seventh Avenue, 7th Floor, New York, New York 10010. I am an attorney-at-law, duly admitted and in good standing to practice in the States of New York and New Jersey and the commonwealth of Pennsylvania, the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern District of New York and the District of New Jersey. I submit this Affidavit in connection with the application ("Application") of the Debtor and Debtor in Possession in the above-captioned case (the "Debtor") to retain DuffyAmedeo as counsel to the Debtor in its chapter 11 case, nunc pro tunc to the Petition Date, and to provide the disclosures required under sections 329 of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2014 (a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules of the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

2. As a result of my firm's due diligence investigation of the Debtor, I have ascertained that if retained, DuffyAmedeo:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Accordingly, I believe DuffyAmedeo is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

3. DuffyAmedeo has reviewed the relationship that its attorneys and employees have with the United States Trustee for the Eastern District of New York (the "U.S. Trustee") and those persons employed in the office of the U.S. Trustee, and I do not believe that DuffyAmedeo has any material connections with the U.S. Trustee or any person employed in the office of the U.S. Trustee.

### DUFFYAMEDEO'S COMPENSATION

4. Subject to the Court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may be applicable, the Local Rules and such other procedures as may be fixed by this Court, compensation will be payable pursuant to the terms of the retention letter, dated March 24, 2014, between Debtor and DuffyAmedeo (the "Retainer Agreement"). Prior to this date, DuffyAmedeo had not previously rendered any professional

services to the Debtor. A copy of the Retainer Agreement is annexed hereto as <u>Exhibit A</u>. The compensation payable to DuffyAmedeo pursuant to the Retainer Agreement is limited to a flat fee of fifteen thousand dollars ($15,000) (the "Flat Fee") which includes the preparation, filing and conduct of the chapter 11 case through all of its stages through to its termination. The Retainer Agreement further provides that the Flat Fee does <u>not</u> include fees for representation of the Debtor in any adversary proceedings or any matter outside the context of the chapter 11 case. Any representation of the Debtor outside the express scope of the Flat Fee terms would be billable at $500 per hour. The Flat Fee is also limited to fees and does not include reasonable expenses.

5.    While a flat fee arrangement is somewhat uncommon in the retention of a Debtor's bankruptcy counsel, we believe a flat fee arrangement in the circumstances of this chapter 11 case would yield a significant cost savings for the Debtor over an hourly fee arrangement. More importantly, in light of the Debtor's constrained cashflow, the availability of the flat fee arrangement will permit the Debtor to budget its legal expenses with more precision than would have been possible with an hourly arrangement. Accordingly, we believe that the flat fee arrangement is consistent with the letter of the Bankruptcy Code, and is in its spirit better adapted to meet the goals of the Bankruptcy Code as to the preservation of the estate.

6.    The hourly fee that will be charged for services outside the Flat Fee terms is DuffyAmedeo's standard rate for bankruptcy legal work. The rate is set at a level designed to compensate DuffyAmedeo fairly for the work its attorneys perform and to cover its fixed and overhead expenses. It is DuffyAmedeo's policy to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone toll charges, mail and express mail charges, special or hand delivery charges,

document processing and photocopying charges, travel expenses, expenses for working meals, computerized research, third-party search and investigation charges, filing fees, and transcription costs. DuffyAmedeo bills these expenses at cost to its clients and makes no profit from these expenses. DuffyAmedeo believes that it is appropriate to charge these expenses to its clients as they incur them rather than increase its hourly rates and thereby spread the expenses among all clients.

7. This Affidavit is intended to comply with Bankruptcy Rule 2016(b). DuffyAmedeo intends to apply to this Court for compensation for professional services rendered in connection with these cases in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the administrative and other orders established by this Court.

8. In the 90 days prior to the Petition Date, DuffyAmedeo received payments totaling $3,000 in the aggregate that DuffyAmedeo has applied towards payment of the Flat Fee. The remaining $12,000 of the Flat Fee is being paid at the rate of $500 per week, pursuant to the terms of the Retainer Agreement.

9. No promises have been received by DuffyAmedeo or by any member or person associated with DuffyAmedeo as to compensation in connection with the chapter 11 case other than in accordance with the terms of the Retainer Letter and as discussed herein.

10. DuffyAmedeo further states that it has not shared, nor agreed to share, any compensation it has received or may receive with another party or person, other than the members of DuffyAmedeo, nor any compensation another party or party has received or may receive.

11. Except as disclosed herein, neither I, DuffyAmedeo, nor my partner, Douglas A.

Amedeo, nor anyone associated with DuffyAmedeo represents any known interest adverse to the Debtor or its estate in matters regarding which DuffyAmedeo is to be engaged. I believe that DuffyAmedeo is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(a), of the Bankruptcy Code. Moreover, I believe none of the representations made herein would give rise to a finding that DuffyAmedeo represents or holds an interest adverse to the Debtor with respect to the services for which DuffyAmedeo would be retained.

12. The attorneys of DuffyAmedeo have each practiced bankruptcy law in excess of fifteen years, with a specific focus on representation in Chapter 11 proceedings, and have represented debtor entities in the Eastern, Southern and Northern Districts of New York, as well as in the Districts of New Jersey, Connecticut, and Delaware.

13. By reason of the foregoing, I believe DuffyAmedeo is eligible for employment and retention by the Debtor pursuant to sections 327(a), 328, 330, and 331 of the Bankruptcy Code and the applicable Rules and Local Rules.

14. I hereby certify, under penalty of perjury, that the foregoing factual statements made by me are true to the best of my knowledge, information and belief.

/s/ Todd E. Duffy
Todd E. Duffy

Dated: May 22, 2014