UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

HEARING DATE AND TIME:
June 16, 2014 at 10:30 a.m.

In re                             :

                                  :     Chapter 11

SIDDIQUI GROUP OF COMPANIES, LLC,   :

                                  :     Case No.  14-41353 (ESS)

                                  :

                                  :

                       Debtor.     :

------------------------------------------------------- x

### OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATION TO RETAIN DUFFY AMEDEO, LLP AS COUNSEL TO THE DEBTOR

TO: THE HONORABLE ELIZABETH S. STONG,
      UNITED STATES BANKRUPTCY JUDGE:

        William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, hereby submits this objection (the "Objection") to the application (the "Application") of Siddiqui Group of Companies, LLC (the "Debtor") to retain DuffyAmedeo LLP ("DuffyAmedeo") as counsel to the Debtor pursuant to Section 327(a) of title 11, United States Code (the "Bankruptcy Code").  *See* ECF Doc. No. 23. In support of the Objection, the United States Trustee respectfully represents and alleges as follows:

## I.      INTRODUCTION

        The United States Trustee objects to the Application because DuffyAmedeo has failed to adequately disclose the source of its retainer and the exact amount received. According to DuffyAmedeo, the Debtor's sole tenant paid its pre-petition retainer of $3,000.  According to the Debtor's principal, he paid the retainer of about $4,000 personally.  The Debtor disclosed no third-party attorney fee payor in its Statement of Financial Affairs.

DuffyAmedeo also seeks a waiver from the requirement for maintaining contemporaneous time records. DuffyAmedeo has failed to justify how its proposal for providing a mere description of services rendered would permit adequate reasonableness review under Section 330 or for a "lodestar" analysis of any fees DuffyAmedeo may seek.

The United States Trustee further objects to the Application because DuffyAmedeo, in violation of this Court's Local Bankruptcy Rules, seeks permission to be paid weekly for its services in the case. DuffyAmedeo has failed to justify why this departure from the Local Bankruptcy Rules is justified.

Finally, DuffyAmedeo is not disinterested. DuffyAmedeo is conflicted because (i) the Debtor's principal is also the principal of the Debtor's sole tenant, (ii) the rent from the Debtor's sole tenant is the Debtor's sole source of revenue, (iii) the tenant owes the Debtor $45,000 in unpaid rent, and (iv) either the tenant or its principal is the payor of counsel's retainer. Unless DuffyAmedeo can explain why it is not sufficiently biased in favor of the Debtor's tenant or its principal, the Application should be denied.

## II.    FACTS

### A.    Background

On March 24, 2014 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. *See* ECF Doc. No. 1. The United States Trustee was not able to appoint an official committee of unsecured creditors in these cases.

Mohammad J. Siddiqui ("Mr. Siddiqui") is the Debtor's president and sole member. *See* Decl. Of Mohammad J. Siddiqui Pursuant to Local Rule 1007-4 dated April 2, 2014 (the

"Siddiqui Local Rule Declaration"), ¶ 1, ECF Doc. No. 19.  According to the Siddiqui Local Rule Declaration, the Debtor "is a single asset real estate company."  Siddiqui Local Rule Decl., ¶ 3.  The Debtor's key valuable asset is commercial property at "1445 Newbridge Road, North Bellmore, New York" (the "Property").  *Id.*  The Debtor has a single tenant, R.R.T. Food Corp. ("RRT"), a convenience store located at the Property.  *Id.* Mr. Siddiqui is RRT's sole owner. Rent from RRT is the Debtor's sole source of income.  *Id.*

According to the Statement of Financial Affairs (the "SOFA"), the Debtor received no gross income of any kind during the two years preceding the Filing Date.  *See* SOFA, questions 1 and 2.  According to Schedule B, RRT owes the Debtor $45,000 in unpaid rent.  *See* Schedule B, ECF Doc. No. 13.

According to the Disclosure of Compensation of Attorney for Debtor dated April 3, 2014 (the "Rule 2016 Statement"), DuffyAmedeo has agreed to accept a retainer of $15,000 for its services in this case.  *See* ECF Doc. No. 15.  RRT paid $3,000 of this amount prior to April 3, 2014, leaving a balance of $12,000.  *Id.* In the Rule 2016 Statement, DuffyAmedeo noted that it expected to receive future compensation in this case from RRT.  *Id.*

B.     **The Application**

In the Application, the Debtor seeks to retain DuffyAmedeo as its attorneys.  *See* Application at 1. According to the Declaration of Todd E. Duffy in Support of the Application (the "Duffy Declaration"), DuffyAmedeo will render services to the Debtor in this case for a flat fee of $15,000.  *See* Duffy Decl., ¶ 4. The $15,000 flat fee, however, does not include any services related to adversary proceedings for which DuffyAmedeo would charge the Debtor $500

per hour.  *Id.*  The $12,000 balance that has not yet been paid to DuffyAmedeo "is being paid [to

DuffyAmedeo] at the rate of $500 per week."  *Id.*, ¶ 8.

Because of the "fixed" nature of its fee, DuffyAmedeo seeks a waiver of the requirement

for maintaining "contemporaneous time detail" and, instead, seeks permission to submit "a

description of services summarizing tasks performed."  *See* Application, Proposed Order, ¶ 4.

The Application, however, does provide for the right of the United States Trustee to review and

object to any fees sought by DuffyAmedeo "based on the reasonableness standard provided in

section 330 of the Bankruptcy Code rather than section 328(a) of the Bankruptcy Code."  *Id*., ¶ 6.

On May 23, 2014, the Debtor filed with the Court the Lar Dan Affidavit of Mr. Siddiqui

dated May 15, 2014 in Support of the Application (the "Lar Dan Affidavit").  *See* ECF Doc. No.

24.  In the Lar Dan Affidavit, Mr. Siddiqui averred that he "personally paid approximately

$4,000.00 toward the Debtor's attorneys' fees for which I am not seeking repayment."  *Id.*

## III.    LEGAL STANDARDS

### <u>Section 327(a) of the Bankruptcy Code</u>

Under Section 327(a) of the Bankruptcy Code, a chapter 11 debtor may employ "one or

more attorneys . . ., *that do not hold or represent an interest adverse to the estate, and that are*

*disinterested persons*[.]"  11 U.S.C. § 327(a) (emphasis added).  Disinterestedness is defined in

11 U.S.C. § 101(14) which provides in part that:

> The term "disinterested person" means a person that –
>
> (A) is not a creditor, an equity security holder, or an insider;
> . . .
> (C) does not have an interest materially adverse to the interest of the estate or any class of
> creditors or equity security holders, by reason of any direct or indirect relationship to,
> connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

"The 'materially adverse' standard [of Section 101(14)] incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted). The disinterestedness provision of Section 327(a) is mandatory and applies at the time of retention and throughout the case. *Id.* at 32-33.

### Federal Rule of Bankruptcy Procedure 2014(a)

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides that any application for the employment of a professional must disclose the following information:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, **any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.**

Fed. R. Bankr. P. 2014(a) (emphasis added). Bankruptcy Rule 2014(a) further requires that this information be provided in "a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." *Id.*

Rule 2014(a) requires full disclosure of all facts pertinent to the counsel's ability to represent the estate. *See In re Granite Partners LP*, 219 B.R. 22, 44 (Bankr. S.D.N.Y. 1998) ("The trustee broke the cardinal principle of Rule 2014(a). He arrogated to himself a disclosure

decision that the court must make.").  In the recent case of *GSC Group, Inc.*, the Court noted that one of the key policies behind Bankruptcy Rule 2014(a) is "to ensure that all professionals have run a 'conflicts check' and made the resulting appropriate disclosures to the court, which enable the court to determine whether each professional has any adverse interest."  *In re GSC Group, Inc.*, 502 B.R. 673, 2013 Bankr. LEXIS 5204 at *131-32 (Bankr. S.D.N.Y. Dec. 12, 2013).  The *GSC Group* Court also noted that Bankruptcy Rule 2014(a) implies a continuing duty of disclosure and that, furthermore, the "adequacy of disclosure also cannot be judged by whether other parties made inquiry."  *Id.* at 132-33; *see also In re Saturley*, 131 B.R. 509, 517 (Bankr. D. Me. 1991) (holding that "[c]oy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient.").

### Federal Rule of Bankruptcy Procedure 2016(a)

Bankruptcy Rule 2016(a) provides that any entity that would seek professional compensation from an estate needs to disclose the following:

> [W]hat payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the *source* of the compensation so paid or promised**, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor,** except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required.

Fed. R. Bankr. P. 2016(a) (emphasis added).

In the *GSC Group* case, the Court noted that "[w]hile an individual serving as a 'regular associate' of a firm may receive compensation in a bankruptcy case through that firm, Federal Rule of Bankruptcy Procedure 2016(a) nonetheless imposes a duty to disclose the existence of such fee sharing, even if the 'details of any agreement' are not required to be disclosed." *GSC Group*, 2013 Bankr. LEXIS 5204 at *165.

### Contemporaneous Time Records

In a series of opinions known as the "*Grinnell* opinions" the Second Circuit "endorsed" the use of the "lodestar" approach to evaluate counsel fee applications. *N.Y. State Ass'n for Retard Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983). In order to for the "lodestar" method to be implemented effectively, the reviewing party needs to know the number of hours counsel worked on the case. *See In re AT&T Corp. Secs. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006); *Carey*, 711 F.2d at 1140 (noting that the lodestar method involves the "number of billable hours that the prevailing party's attorneys spend on the case"). Additionally, the "lodestar" approach requires that number of hours worked be "hours reasonably spent by counsel." *Monaghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 83 (S.D.N.Y. 1994); *see also Perdue v. Kenny A.*, 559 U.S. 542 , No. 08-970, 2010 U.S. LEXIS 3481, at *17-18 (Apr. 21, 2010) (noting that the "lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee") (internal citations omitted).

A corollary to the "lodestar" method in the Second Circuit is the requirement that contemporaneous time records be submitted with fee applications. *See Carey*, 771 F.2d at 1154 (holding that all "applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed

unless accompanied by contemporaneous time records indicating, for each attorney, the date, the

hours expended, and the nature of the work done."). Penalties for failing to submit

contemporaneous time records even in contingency-fee-based cases can be harsh. *See*

*Monaghan*, 154 F.R.D. at 84 (reducing fees requested by 30% "in the interest of equity" where

contingency-fee-based counsel neglected to keep contemporaneous time records "based on their

contingency arrangement"); *see also Savarese v. Cirrus Design Corp.*, 09 Civ. 1911

(JGK)(KNF), 2010 U.S. Dist. LEXIS 16698, at *17-20 (S.D.N.Y. Feb. 8, 2010) (reducing a

requested 28% contingency fee by 40% due to lack of documentation).

### **Interim and Monthly Compensation Procedures**

Section 331 of the Bankruptcy Code allows retained professionals to "apply to the court

not more than once every 120 days . . . or more often if the court permits" for interim

professional compensation and reimbursement of expenses. 11 U.S.C. § 331. Any applications

for professional compensation on an interim basis are subject to notice and a hearing. *Id.*

In Administrative Order No. 538 (the "Monthly Fee Order"), the Court permitted retained

professionals to receive professional compensation and reimbursement of expenses on a monthly

basis, subject to certain procedures. In the Monthly Fee Order, the Court required professionals

to seek permission to receive monthly compensation by a separate motion, holding that "whether

or not a motion for a Monthly Fee Order will be granted will be determined on a case-by-case

basis by the Judge to whom the case is assigned." Monthly Fee Order at 1.

The Monthly Fee Order requires the professionals to provide certain parties (including

the United States Trustee and official committees) with monthly statements, to which those

parties are able to object. *See* Monthly Fee Order at 1-3. The monthly statements must contain

"**contemporaneously maintained time entries** for each individual in increments of tenths (1/10) of an hour." *Id.* at 2 (emphasis added).  The retained professionals subject to a Monthly Fee Order are still required to file applications for interim and final compensation under Sections 330 and 331.  *Id.* at 1-2.

## IV.    OBJECTIONS

### A.    DuffyAmedeo Has Failed to Adequately Disclose the Source and the Amount of Its Retainer.

In violation of Bankruptcy Rules 2014(a) and 2016(a), DuffyAmedeo has provided conflicting information as to who paid its pre-petition retainer, when, and how much.  According to the Rule 2016 Statement, RRT paid $3,000 to DuffyAmedeo prior to April 3, 2014, and would pay outstanding balances post-petition.  *See* ECF Doc. No. 15; *see also* Duffy Decl., ¶ 8 (noting that payments aggregating $3,000 were made prior to the Filing Date).  In the SOFA, no third party fee payor of the $3,000 retainer is disclosed.  *See* SOFA, question 9, ECF Doc. No. 18. Finally, in the Lar Dan Affidavit, Mr. Siddiqui averred that he "personally paid approximately $4,000.00 toward the Debtor's attorneys' fees for which I am not seeking repayment."  *See* ECF Doc. No. 24.

The information the Debtor and DuffyAmedeo provided as to the source and the amount of DuffyAmedeo's retainer payment is internally inconsistent.  Until DuffyAmedeo accurately and comprehensively discloses who paid its retainer, when, and how much, the Application should be denied.  *See In re Parklex Assocs.*, 435 B.R. 195, 209 (Bankr. S.D.N.Y. 2010) (holding that the failure to disclose the source of a retainer payment is enough to deny a fee application).

**B.      DuffyAmedeo Must Maintain Contemporaneous Time Records.**

DuffyAmedeo improperly seeks a waiver of the requirement to maintain contemporaneous time records. Simply relying on the "description of services summarizing tasks performed," as DuffyAmedeo proposes, *see* Application, Proposed Order, ¶ 4, without more (such as a full accounting of the hours involved) will neither permit adequate reasonableness analysis under Section 330 (which DuffyAmedeo contemplates in the Application) nor a "lodestar" analysis envisioned in Second Circuit case law.  Outside of bankruptcy, courts in the Second Circuit have required lodestar analysis and contemporaneous time records even in contingency fee-based cases.  *See, e.g., Savarese v. Cirrus Design Corp.*, 09 Civ. 1911 (JGK)(KNF), 2010 U.S. Dist. LEXIS 16698, at *17-20 (S.D.N.Y. Feb. 8, 2010).  This case should be no exception. The Application should be denied unless DuffyAmedeo consents to provide contemporaneous time records of the services it seeks to render.

**C.      DuffyAmedeo Failed to Justify Weekly Post-petition Payments.**

DuffyAmedeo notes in the Application that the $12,000 balance of its flat fee that was not paid prior to the Filing Date is being paid weekly "at the rate of $500 per week."  Duffy Decl., ¶ 8.  In the Application, DuffyAmedeo essentially wants the Court's blessing on this arrangement without any attempt to comply with either Section 331 or the Monthly Fee Order. DuffyAmedeo makes no provision for submitting periodic statements in compliance with the Monthly Fee Order.  It also fails to show why it should be entitled to such extraordinary relief. Unless DuffyAmedeo provides a comprehensive justification for receiving post-Filing Date payments and complies with the Monthly Fee Order, the Application should be denied.

### D.    DuffyAmedeo Is Not Disinterested.

If DuffyAmedeo received its retainer from either RRT or Mr. Siddiqui (the principal of both the Debtor and RRT), then DuffyAmedeo is not disinterested, and the Application should be denied. In this case, the Debtor's primary source of revenue is rent from RRT, which RRT has not remitted for at least the last two years, depriving the Debtor of all income.  *See* SOFA, questions 1, 2; Siddiqui Local Rule Decl., ¶ 3.  RRT owes the Debtor $45,000 in rent.  *See* Schedule B, ECF Doc. No. 13.  A collection of these funds may provide a recovery to the creditors of the Debtor's estate.

If the Debtor were to undertake a collection action against RRT, DuffyAmedeo would not be able to work on this task because of a conflict of interest.  It would be litigating against either the payor of its retainer (if RRT is the payor) or a company owned by the payor of the retainer (if Mr. Siddiqui is the payor).  *See In re Rabex Amuru, Inc.*, 198 B.R. 892, 897-98 (Bankr. M.D.N.C. 1996) (holding that it was impermissible for debtor's counsel to have its fees paid by a creditor); *see also In re Nat'l Distribs. Warehouse Co.*, 148 B.R. 558 (Bankr. E.D. Ark. 1992) (denying retention of debtor's counsel where initial retainer was paid by one of the largest creditors, which was also an affiliate); *cf. In re Missouri Mining, Inc.*, 186 B.R. 946, 950 (Bankr. W.D. Mo. 1995) (allowing retention where debtor's principal, a creditor, paid debtor's counsel's fee).  Thus, unless DuffyAmedeo can explain comprehensively how it would be able to assist the Debtor's estate in collecting its only source of revenue, DuffyAmedeo's retention should not be allowed.

## V.    CONCLUSION

For the reasons set forth in this Objection, the United States Trustee requests that the

Court deny the Application and grant other relief as is just.

Dated:  New York, New York
        June 12, 2014

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE, REGION 2

                            By:    */s/ Nazar Khodorovsky*
                                   Nazar Khodorovsky
                                   Trial Attorney
                                   201 Varick Street, Suite 1006
                                   New York, New York 10014
                                   Tel. No. (212) 510-0500
                                   Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

In re                                                           :
                                                                :    Chapter 11
SIDDIQUI GROUP OF COMPANIES, LLC,    :
                                                                :    Case No.  14-41353 (ESS)
                                                                :
                                        Debtor.           :
                                                                :
------------------------------------------------------- x

## AFFIRMATION OF SERVICE

Nazar Khodorovsky affirms under the penalty of perjury that the following is true and correct:

     1.     I am a trial attorney with the Office of the United States Trustee for Region 2.

     2.     On June 12, 2014, I caused true and correct copies of the *OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATION TO RETAIN DUFFY AMEDEO, LLP AS COUNSEL TO THE DEBTOR* to be served by electronic mail upon (i) DuffyAmedeo LLP, proposed counsel to the Debtor, attn.: Todd E. Duffy, Esq. and Douglas A. Amedeo, Esq.; and (ii) Ravert PLLC, counsel to PBM Dev LLC, attn.: Gary O. Ravert, Esq.

*/s/ Nazar Khodorovsky*
Nazar Khodorovsky