**DUFFYAMEDEO LLP**
275 Seventh Avenue, 7th Fl
New York, New York 10010
Tel: (212) 729-5832
Todd E. Duffy
Douglas A. Amedeo
*Proposed Attorneys for Debtor, Siddiqui Group of Companies, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>**SIDDIQUI GROUP OF COMPANIES, LLC**<br>Debtor. | Chapter 11<br>Case No. 14-41353 (ESS) |

## REPLY IN FURTHER SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY AND RETAIN DUFFYAMEDEO, LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO <u>SECTIONS 327(a), 328, 330, 331 AND 1107(b) OF THE BANKRUPTCY CODE</u>

Siddiqui Group of Companies, LLC (the "Debtor") files this reply in response to the Objection (the "Objection") of the United States Trustee (the "UST") to the Debtor's Application (the "Application") seeking entry of an order pursuant to sections 328, 330, 331 and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of the law firm of DuffyAmedeo LLP ("DuffyAmedeo") as counsel to the Debtor, effective as of the commencement of this case and respectfully represent:

## <u>PRELIMINARY STATEMENT</u>

Although the Office of the UST is tasked with protecting the integrity of the bankruptcy process, the Objection falls woefully short of that laudable goal. In reality, his objection attempts to undercut the plain language of section 328(a) of the Bankruptcy Code. Although that section specifically states that the Debtor may hire any professional it wants on any reasonable

terms, the U.S. Trustee attempts to overrule the U.S. Congress by essentially taking the position that a chapter 11 debtor is not entitled to hire any professional on a flat fee.

In addition to undercutting the Bankruptcy Code, , the UST fails to consider the practical implications of his objection.  This objection, while minor on the surface, essentially says to every bankruptcy professional, unless you are prepared to spend a huge amount of time for very little return, professionals cannot represent smaller debtors.  It is unclear how requiring bankruptcy professionals to spend large quantities of time for a very small return accomplishes the UST's mandate of protecting the integrity of the process.

## ARGUMENT

Section 328(a) of the Bankruptcy Code provides, in relevant part, "[The Debtor], with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, <u>on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or a percentage fee basis or on a contingent fee basis.</u>"  11 U.S.C. § 328(a) (emphasis added).

The language of the statute expressly contemplates payment arrangements other than an hourly rate for retention of professionals.  Indeed, it is fairly common in larger chapter 11 cases for firms to be retained as contingency fee counsel and not be required to keep track of their hours.  *See, e.g., In re Momentrends, Inc.*, Case No. 05-13611, U.S. Bankruptcy Court S.D.N.Y.

Here, the UST does not assert that the amount of the fee does not make sense given the amount of work he anticipates that DuffyAmedeo will be doing.  Rather, the UST appears to claim that he expects DuffyAmedeo to do whatever everyone else has always done in chapter 11 cases: keep time on an hourly basis and waive any fee that is uncollectable from the client.  It is this attitude that frightens the average middle market business into thinking that they cannot

afford to file for bankruptcy.  In today's market, clients do not always want to pay attorneys by the hour, essentially allowing the attorney a blank check.  The UST's Objection here would only serve to stymie the efforts of small businesses to get the breathing space they need for recovery in such a tenuous economy.

## THE TRUSTEE'S OTHER OBJECTIONS

The Trustee has raised two other objections which are easily disposed of here.  First, the Trustee claims that DuffyAmedeo did not adequately disclose the initial payment of the Debtor for its fee.  As is prominently disclosed on the 2016-1 form filed only days after the Debtor filed its petition, DuffyAmedeo disclosed that the initial $3,000 payment was made by RRT Foods Corp.  However, after the case began in earnest, the Debtor's principal determined that he would rather pay the fee from his own personal funds.  Accordingly, the remainder of any money DuffyAmedeo has received has come from the Debtor's principal and he has explained to DuffyAmedeo that he intends to pay the remainder of the fee from those funds.

Second, the UST imagines a world where DuffyAmedeo will be suing the principal of the Debtor for rent.  Again, the UST fails to grasp the practical implications here.  The Debtor does not have ample funds, in fact, has very little money..  Thus, even if this were the case, neither DuffyAmedeo nor any other firm would take such a small case because the costs to prosecute such a lawsuit would not be of any benefit to the estate.

Rather, this case will only resolve itself in one of the following ways: (i) the Debtor obtains an appraisal of the property and negotiates an agreement with the lender to purchase the note and files a motion to dismiss the case or files a plan and disclosure statement; or (ii) the Debtor is unable to come to a resolution with the lender and the case is converted or dismissed to allow for the secured creditor to take the property.   There are no resources to allow for such a

lawsuit.  Indeed, if creditors wish to take on such a lawsuit, they could certainly hire counsel and commence that adversary proceeding upon some conceivable derivative basis.  Alternatively, the Debtor could always hire separate counsel.  However, since the Debtor has only one principal who presumably would never authorize any counsel to sue him personally, this discussion is academic and wastes the resources of the Court and DuffyAmedeo.

WHEREFORE based on the reasons offered in the Retention Application and herein, the Debtor hereby requests that this Court enter an Order: (1) granting the relief sought in the Application; (2) overruling the objections of the UST; and (3) granting to the Debtor such other relief as this Court deems just and proper.

Dated:  New York, New York
        June 17, 2014                        **DUFFYAMEDEO LLP**


                                             __/s/ Todd E. Duffy_____
                                             Todd E. Duffy
                                             Douglas A. Amedeo
                                             275 Seventh Avenue, 7th Floor
                                             New York, NY 10001
                                             Telephone: (212) 729-5832
                                             Facsimile:  (212) 208-2437
                                             *Proposed Counsel to the Debtor and
                                             Debtor -in- Possession*