**DUFFYAMEDEO LLP**
275 Seventh Avenue, 7th Fl
New York, New York 10010
Tel: (212) 729-5832
Todd E. Duffy
Douglas A. Amedeo
*Proposed Attorneys for Debtor, Siddiqui Group of Companies, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **SIDDIQUI GROUP OF COMPANIES, LLC** | Case No. 14-41353 (ESS) |
|     Debtor. | |

## SIDDIQUI GROUP OF COMPANIES, LLC'S
## FIRST PLAN OF REORGANIZATION

### ARTICLE I SUMMARY

Siddiqui Group of Companies, LLC, debtor and debtor-in-possession herein,

proposes the following plan of reorganization (the "Plan") pursuant to section 1121(a) of

Title 11 of the United States Code (the "Bankruptcy Code") for resolution of the outstanding

claims against and equity interests in the Debtor. The Debtor is the proponent of the Plan

within the meaning of section 1129 of the Bankruptcy Code.

This Plan provides for one class of secured claims; one class of unsecured claims; and

one class of equity security holders. Unsecured creditors holding allowed claims will receive

distributions, which the proponent of this Plan has valued at 100 cents per dollar. This Plan

also provides for the payment of administrative and priority claims in full upon the Effective

Date (as such term is defined below) of the Plan.

## ARTICLE II
### Definitions

2.1 <u>Meaning.</u> For the purpose of this Plan, each of the terms set forth herein shall have the meanings ascribed below and such meanings shall be equally applicable to the singular and plural forms of the terms defined. All of the definitions and provisions contained in this Article I are, and shall be, regarded as integral, substantive and operative provisions of this Plan.

2.1 <u>Other Terms.</u> A term that is used in the Plan and not defined herein, but that is defined in the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall have the meaning set forth therein. Any reference contained in this Plan to a particular exhibit, paragraph or article shall be deemed to be a reference to an exhibit, paragraph or article of this Plan.

1.1 <u>Definitions.</u>

"*Administrative Claim*" shall mean any Claim arising on or after the Petition Date and prior to the Effective Date for the cost or expense of administration of the Case entitled to priority or super priority under sections 364(c)(1), 503(b), 507(a) and (b) or 1114(e)(2) of the Bankruptcy Code, including the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate and operating the business of the Debtor, compensation or reimbursement of expenses to Professionals to the extent allowed by the Bankruptcy Court only upon entry of a Final Order under sections 330 or 331 of the Bankruptcy Code, pursuant to section 503(b)(9) of the Bankruptcy Code, for the value of goods received by the Debtor in the twenty (20) days immediately prior to the Petition Date and sold to the Debtor in the ordinary course of the

Debtor's business and pursuant to the Bankruptcy Rules, and any fees or charges assessed against the Debtor's estate under 28 U.S.C. §1911 - 1930.

"*Allowed*" or "*Allowed Amount*" shall mean:

      (a)  when referring to a Claim, the amount of a Claim

          i.      listed on the Schedules and not designated in the Schedules as either disputed, contingent or unliquidated and is not otherwise a Disputed Claim,

          ii.      filed with the Bankruptcy Court on or before the Bar Date and as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Final Order or this Plan,

          iii.      as to which any objection has been interposed, to the extent such Claim

                  has been allowed by a Final Order, or

          iv.      any Claim specifically identified in this Plan as an Allowed Claim or in any contract, instrument or other agreement entered into prior to the Effective Date if approved by the Bankruptcy Court pursuant to a Final Order, and

      (b)     when referring to an Interest, such Interest registered in the stock register, membership interest register or any similar register or schedule maintained by or on behalf of a Debtor as of the Record Date and not timely objected to or that is allowed by a Final Order.

"*Assets*" means all of the Debtor's property, rights and interest that are property of the Estate pursuant to section 541 of the Bankruptcy Code.

"*Bankruptcy Court*" shall mean the United States Bankruptcy Court for the Eastern District of New York, and any appellate court that is competent to exercise jurisdiction over any matter or proceeding arising in or relating to the Case.

"*Bar Date*" shall mean the applicable date by which all proofs of Claim in this Case

must be, or must have been, Filed, as established by an order of the Bankruptcy Court, including a Bar Date Order and the Confirmation Order.

"*Bar Date Order*" means any order of the Bankruptcy Court establishing Bar Dates for filing proofs of Claim in the Case.

"*Case*" shall mean the Debtor's case under Chapter 11 of the Bankruptcy Code, which was commenced on the Petition Date.

"*Cash*" shall mean, with respect to payments under the Plan, lawful currency of the United States of America (U.S. dollars), regular check, certified check, bank check or wire transfer from a domestic bank.

"*Claim*" shall have the meaning given to such term in section 101(5) of the Bankruptcy Code.

"*Claimant*" shall mean the holder of a Claim.

"*Class*" shall mean any category of Claims or Interests as specified in Article III of this Plan.

"*Confirmation Date*" shall mean the date of entry by the Bankruptcy Court of the Confirmation Order on its docket within the meaning of Bankruptcy Rules 5003 and 9021.

"*Confirmation Order*" shall mean an order of the Bankruptcy Court confirming the Plan in accordance with section 1129 of the Bankruptcy Code.

"*Disallowed*", when used with respect to a Claim, means a Claim that has been disallowed by a Final Order.

"*Disputed Claim*" shall mean a Claim (a) that is listed on the Schedules as either disputed, contingent or unliquidated, (b) that is not listed on the Schedules, (c) that is listed on

the  Schedules as other than disputed, contingent or unliquidated, but the nature or amount of the Claim  as asserted by the holder varies from the nature or amount of such Claim as it is listed on the  Schedules or (d) as to which an objection has been timely filed and which objection (i) is not the subject of a Final Order allowing or disallowing the Claim, and (ii) has not been withdrawn.

""*Distribution*" shall mean Cash that is required under the Plan to be distributed to the holders of Allowed Claims.

"*Distribution Date*" shall mean the date on which Distributions are made.

"*Distribution Schedules*" shall mean list of all claims filed in the Case or listed on the Schedules, in each case whether or not Allowed.

"*Effective Date*" shall mean means a day, as determined by the Debtor that is the Business Day as soon as reasonably practicable after all conditions to the Effective Date have been  met or waived in accordance with Article IX of the Plan.

"*Estate*" shall mean the estate created pursuant to section 541 of the Bankruptcy Code.

"*Executory Contracts*" shall mean any contract or unexpired lease to which the Debtor is a party, which is capable of being assumed or rejected pursuant to section 365 of the Bankruptcy Code and  includes any modifications, amendments, addenda or supplements thereto or restatements thereof.

"*Final Order*" shall mean an order or judgment of the Bankruptcy Court or another court of competent jurisdiction in connection with the Case, which order or judgment has not been reversed, stayed, modified, amended or vacated, and (i) the time to appeal from, or to seek review or rehearing of, has expired, (ii) no appeal, review, certiorari or rehearing is pending, and (iii) the order  has become conclusive of all matters adjudicated therefor and is in

full force and effect.

"*HAB Bank*" shall mean HAB Bank, a New York Chartered State Bank.

"*Interest holder*" shall mean a holder of an Interest.

"*Interests*" shall mean the rights and interests of the holders of any instruments evidencing an ownership interest in a Debtor and the rights of any Person to purchase or demand the issuance of any of the foregoing, including: (a) redemption, conversion, exchange, voting, participation and dividend rights (including any rights in respect of accrued and unpaid dividends), liquidation preferences, and (c) stock options and warrants.

"*Person*" shall mean any individual, firm, corporation, partnership, limited liability corporation, business trust, joint stock company, trust, unincorporated association, joint venture or other entity of whatever nature.

"*Petition Date*" shall mean March 25, 2014 the date on which the voluntary petition was filed by the Debtor, thereby commencing the Case.

"*Plan*" shall mean this Plan of Liquidation and all exhibits attached hereto or referenced herein, as the same may be amended, modified or supplemented.

"*Priority Claim*" shall mean any Claim entitled to priority in accordance with section 507(a) of the Bankruptcy Code, other than an Administrative Claim or a Priority Tax Claim.

"*Priority Tax Claim*" shall mean any tax claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

"*Pro Rata*" shall mean the proportion that the Allowed Claim in a particular Class bears to the aggregate amount of all Claims (including Disputed Claims until allowed or disallowed) in such Class.

"*Professionals*" shall mean all attorneys, accountants and financial consultants retained in

the Case or to be compensated by a Final Order pursuant to sections 327, 328, 330, 503(b) and/or 1103 of the Bankruptcy Code or retained by the Liquidating Trustee and/or the Estate Representative on or after the Effective Date.

"*Professional Fees*" shall mean all fees, costs and expenses of Professionals incurred during the administration of the Case up to and including the Confirmation Date which fees, costs, and expenses shall have been awarded by Final Order pursuant to sections 330 or 503(b) of the Bankruptcy Code.

"*Property*" shall mean the real property and improvements located at 1445 Newbridge Road, North Bellmore, New York.

"*Purchaser*" shall mean Aijaz Ali Memon, individually.

"*Schedules*" shall mean the Schedules of Assets and Liabilities Filed by the Debtor with the Bankruptcy Court in the Case pursuant to Bankruptcy Rule 1007, as may be amended from time to time.

"*United States Trustee*" shall mean any and all representatives and employees of the Office of the United States Trustee for the Eastern District of New York.

"*Unsecured Claim*" shall mean any Claim that is not an Administrative Claim, a Priority Claim, or a Priority Tax Claim.

### Article III

### Provision for the Treatment of Administrative Claims and Priority Tax Claims

Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified and are not impaired under the Plan.

Administrative Claims. Except to the extent that any holder of an Allowed Administrative Claim agrees to a less favorable treatment, each holder of an Administrative Claim shall receive

a Distribution in an amount equal to the Allowed Amount of the Administrative Claim on the later of (a) the Effective Date and (b) within ten days after the date such Administrative Claim becomes an Allowed Claim, or on such other date as may be agreed to by agreement between the Debtor and the Administrative Claimant or as ordered by the Bankruptcy Court.

(a) <u>Priority Tax Claims</u>. Except to the extent that any holder of an Allowed Priority Tax Claim agrees to a less favorable treatment, each holder of an Allowed Priority Tax Claim shall receive, in full and complete settlement, satisfaction and discharge of its Allowed Priority Tax Claim, a Distribution in an amount equal to such Allowed Priority Tax Claim on the later of the Effective Date and the date such Priority Tax Claim becomes an Allowed Claim.

(b) <u>United States Trustee Fees</u>. All fees payable to the United States Trustee, pursuant to 28 U.S.C. § 1930, shall be paid in full in Cash on or prior to the Effective Date.

(c) <u>Bar Date for Administration Claims</u>. Except as otherwise provided in a Bar Date Order or other order of the Bankruptcy Court, unless previously Filed, requests for payment of Administrative Claims must be Filed and served pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order, no later than 30 days after the date of entry of the Confirmation Order by the Bankruptcy Court. Debtor does not believe that any outstanding Administrative Claims currently exist.

**Article IV**

**<u>Classification and Treatment of Claims and<br>Interests</u>**

4.1 <u>Classes</u>. A Claim is in a particular class only to the extent that the Claim falls within the description of that Class and is in a different Class to the extent that the remainder of the Claim falls within the description of such different Class. In addition, a Claim or Interest is in a particular Class only to the extent that the Claim or Interest is an Allowed Claim or Interest.

The Classes under the Plan are:

| Class | Description | Impaired/Unimpaired | Voting Status |
|-------|-------------|---------------------|---------------|
| Class 1 | Secured Claims | Unimpaired | Deemed to Accept |
| Class 2 | Unsecured Claims | Unimpaired | Deemed to Accept |
| Class 3 | Interests | Impaired | Entitled to Vote |

4.2  Secured Claims.  Class 1 Claims are unimpaired under the Plan and to the extent such Claims are asserted or extant shall be satisfied, settled and discharged by a Distribution equal to the payment of 100% of the Allowed Amount of such Claims on the later of the Effective Date or on the date such Claims become Allowed. Since Class 1 Claims are not impaired under the  Plan, the holders thereof are conclusively presumed to have accepted the Plan in accordance with section  1126(f) of the Bankruptcy Code and are, therefore, not entitled to vote on the Plan.

4.3   Unsecured Claims.  Class 2 Claims are unimpaired under the Plan and shall be satisfied, settled and discharged by a Distribution equal to the payment of 100% of the Allowed Amount of such Claims on the later of the Effective  Date or on the date such Claims become Allowed. Since Class 2 Claims are not impaired under the  Plan, the holders thereof are conclusively presumed to have accepted the Plan in accordance with section  1126(f) of the Bankruptcy Code and are, therefore, not entitled to vote on the Plan.

4.4   Interests.  The Class 3 Interests are impaired under the Plan. The sole member of this Class is the Debtor's principal, Mohammed Siddiqui, who intends to vote in favor of the Plan.

## Article V

## Means for Execution of the Plan

5.1   Funding of the Plan. On the Effective Date, the Property shall be conveyed to Purchaser in exchange for transfer of the title of the Property.  The purchase money shall

consist of a $400,000 mortgage loan from HAB Bank, which shall be granted a first-priority lien upon the Property, with the remainder to be supplied in cash by the Purchaser.  The Debtor will fund all Distributions to all Classes from the funds realized in this transaction.

5.2     <u>Distribution Schedule</u>. All Allowed Claims shall be paid by the Debtor upon the Effective Date, or as soon thereafter as practicable, and in no event, later than ten calendar after the Effective Date.  Disputed Claims, if eventually allowed, shall be paid within ten calendar days after the date of allowance.

5.3     The Debtor shall be entitled, but shall have no obligation, to deduct any federal, state or local withholding taxes from any Distribution made as reasonably appropriate. All Persons holding Allowed Claims shall be required to provide any information reasonably requested to effect the withholding of such taxes, including, without limitation, delivering to the Debtor a properly executed Form W-9 or equivalent, and the Debtor may withhold any Distribution absent the provision of such information or further Order of the Court.  The Debtor shall provide three notices to each Claimant of its obligation to submit an IRS Form W-9 or equivalent to the Debtor. If the Claimant does not provide a Form W-9 or equivalent to the Debtor within 90 days after the third notice is sent to the Claimant, then such Claimant's Claim(s) shall be deemed forfeited.

5.4     <u>Validity of Corporate Actions</u>. Entry of the Confirmation Order by the Bankruptcy Court shall constitute due authorization (a) required for the full validity, enforceability and effectiveness of the Plan and all transactions provided for in the Plan, notwithstanding any provisions of law which would otherwise require the approval of such transactions by the board of directors, shareholders or other constituents of the Debtor, and (b) for the Debtor's officers to take any and all actions and execute, deliver and file all agreements,

certificates, notices and other documents necessary or appropriate to consummate the transactions provided for in this Plan.

## Article VI

## Procedures for Resolving and Treating Disputed Claims

6.1     Objections to Claims. The Debtor has the right, within the first 180 days following the Effective Date, or during such additional time requested for cause shown and authorized by Final Order, to object to any and all Claims. Unless otherwise ordered by the Bankruptcy Court, or agreed to by written stipulation approved by a Final Order, or until the objection thereto is withdrawn, the Debtor may litigate the merits of each Disputed Claim until determined by Final Order. Any Claim for which no objection has been filed within the time fixed therefor shall be deemed an Allowed Claim in such amount as is set forth in a proof of Claim Filed with the Bankruptcy Court, or if no proof of Claim was Filed, as listed in the Schedules and not identified as disputed, contingent or unliquidated. The Debtor and the holder of any Disputed Claim may enter into a written settlement agreement to compromise such Claim, which agreement shall become effective upon entry of a Final Order approving the terms thereof.

6.2     Untimely Claims. Any Claim Filed after the applicable Bar Date, other than Claims for fees payable to the United States Trustee, shall be deemed disallowed and expunged without any action on the part of the Debtor.

6.3     Establishment of Reserves. Not later than the Effective Date, the Debtor shall establish the Reserves, as appropriate.

6.4     Reserves for Disputed Claims. When any Distribution is to be made to holders of Claims, the Debtor shall hold the Distributions on account of the Disputed Claims

in the Reserves. The amount of Cash withheld shall be (a) an amount agreed to by the Debtor Trustee and the holder of the Disputed Claim, and (b) if no such agreement is reached, the amount that would have been distributed to the holder of the Disputed Claim on the basis of the amount claimed in its proof of Claim.

**Article VII**

**Executory Contracts**

7.1     <u>Rejection of Executory Contracts.</u> Pursuant to § 365 of the Bankruptcy Code, all Executory Contracts that were not specifically assumed or rejected prior to the Confirmation Date shall be deemed rejected as of the Confirmation Date.

7.2     <u>Filing of Claims Under Rejected Contracts.</u> Each Person who is a party to any Executory Contract rejected pursuant to the Plan shall be entitled to File, no later than thirty (30) days following the Confirmation Date, a proof of Claim for damages, if any, alleged to arise from the rejection of such Executory Contract. A copy of the proof of claim must also be delivered to counsel to the Debtor. The failure of such entity to file a proof of Claim within the period prescribed herein shall forever bar such Person from asserting any Claim for damages arising from the rejection of such Executory Contract. The filing of any such proof of Claim shall be without prejudice to any and all rights the Debtor may have to object to the allowance thereof.

**Article VIII**

**Effect of Confirmation of the Plan**

8.1     <u>Effect of Confirmation.</u> The Confirmation Order (and any subsequent Final Orders) shall be a final determination as to the rights of all Claimants and Interest holders to participate in the Distributions under the Plan, whether or not (a) a proof of Claim or interest is Filed or deemed Filed under section 501 of the Bankruptcy Code, (b) such Claim is an Allowed

Claim, or such Interest is deemed an Allowed Interest, or (c) the holder of such Claim or Interest has accepted the Plan.

        8.2      <u>Injunction Against Interference With the Plan.</u>  On the Effective Date, except as otherwise provided in the Plan or the Confirmation Order, all Persons who are bound by this Plan, including holders of Claims or Interests not listed on the Schedules, or listed on the Schedules as disputed, unliquidated or contingent, who did not file proofs of Claim or Interest by the applicable Bar Date, are hereby enjoined and prevented from:

a)     commencing or continuing any suit, action or other proceeding of any kind or nature or employing any process against the Debtor, the Estate, the Assets, or any direct or indirect successor to the Debtor, or to interfere with the consummation or implementation of this Plan, or the Distributions to be made hereunder,

b)     enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against a Debtor, its Estate or the Assets or any direct or indirect successor in interest to a Debtor, or any assets or property of such successor,

c)     creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien against the Debtor, the Estate or the Assets, or any

       direct or indirect successor in interest to a Debtor, or any assets or property of such successor, other than as contemplated by the Plan,

d)     except as provided herein, asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, the Estate or the Assets, or any direct or indirect successor in interest to the Debtor, or any assets or property of such successor, and

e)     proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

        8.3      <u>General Releases.</u> Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for (a) the obligations

of the   Debtor and the Estate under the Plan, (b) the Distributions under the Plan, and (c) the services of the directors and officers of the Debtor, attorneys, and agents to facilitate the transactions contemplated by the Plan, (i) each holder   of a Claim or Interest that votes (or is deemed to vote) in favor of the Plan, and (ii) each holder of a  Claim or Interest that does not vote on the Plan or votes against the Plan will be deemed to forever release, waive and discharge all Claims, including, demands, rights, causes of action and liabilities  whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown,  foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise, that are based in  whole or in part on any act, omission, transaction or other occurrence involving the Debtor in connection with, or in contemplation of, the Case that such entity has or may have against the Debtor  and the Estate, the officers and directors of the Debtor, and  the Professionals, *provided*, *however*, that the foregoing provisions shall not affect the liability of  any party that otherwise would result from any act or omission to the extent that act or omission is  determined in a Final Order to have constituted gross negligence or willful misconduct.

    8.4  <u>Exculpation</u>.  From and after the Effective Date, the Debtor and the Estate, the  officers and members of the Debtor, and the Professionals  shall neither have nor incur any liability to any Person for any act taken or omitted to be taken in  connection  with  the Debtor's Case,  including  the  formulation,  preparation,  dissemination,  implementation, confirmation or approval of the Plan, any Exhibits thereto, the Disclosure  Statement or any contract, instrument, release or other agreement or document provided for or  contemplated in connection with the  consummation of the transactions set forth in the Plan; *provided, however*, that the foregoing provisions shall not affect the liability of any Person that otherwise would result from any  such act or omission to the extent that act or omission is

determined in a Final Order to have constituted gross negligence or willful misconduct. Any of the  foregoing parties in all respects shall be entitled to rely upon the advice of counsel with respect to  their duties and responsibilities under the Plan.

## Article IX

## Conditions Precedent to Confirmation

9.1     <u>Conditions Precedent to Confirmation of the Plan</u>. The following conditions are conditions to the entry of the Confirmation Order unless such conditions, or any of them, have  been satisfied or duly waived pursuant to this Section: (a) the Confirmation Order will be  reasonably acceptable in form and substance to the Debtor and PBM Dev LLC, (b) the Plan shall  not have been materially amended, altered or modified from the Plan as originally Filed by the  Debtor unless such material amendment, alteration or modification has been made in agreement with PBM Dev LLC and/or any other affected creditors, and (c) all Exhibits to the Plan are in form and  substance reasonably satisfactory to the Debtor and PBM Dev LLC.

9.2     <u>Conditions Precedent to the Effective Date</u>. The Effective Date will not occur, and the Plan will not be consummated, unless and until the following conditions have been  satisfied or duly waived pursuant to this Section: (a) the Bankruptcy Court shall have entered the  Confirmation Order, (b) the Bankruptcy Court shall have entered an order (contemplated to be part  of the Confirmation Order) approving and authorizing the Debtor to take all actions necessary or  appropriate to implement the  Plan, including finalizing the sale of the Property to the Purchaser, (c) no stay of the Confirmation Order shall then be in effect, and (d) the Plan and all  Exhibits to the Plan shall not have been materially amended, altered or modified from the Plan except as part of an agreement with PBM Dev LLC and/or any other

affected creditors.

## Article X

## Miscellaneous Provisions

10.1    Entire Agreement. This Plan and the Confirmation Order, including  any
exhibits to this Plan, sets forth the entire agreement and understanding among the parties hereto
relating to the subject matter hereof and supersedes all prior discussions and documents. No party
shall be bound by any terms, conditions, definitions, warrants, understandings or representations
with respect to the Plan other than as are expressly provided for herein. Should any provision in the
Plan be determined to be unenforceable by a Bankruptcy Court of competent jurisdiction, such
determination shall in no way limit or affect the enforceability and operative effect of any and all
other provisions of the Plan.  The duties, rights and obligations of any person or entity named or
referred to in the Plan shall be binding upon, inure to the benefit of and shall be the responsibility
of, the successors and assigns of such person or entity.

10.2    Satisfaction of Claims and Interests.  Upon confirmation of this Plan, the
Debtor  and the Estate shall be conclusively determined to have no liability to the holder of
any  Claim  or  Interest that is not Allowed, and only to the extent provided for in the Plan with
respect to the holder of  any Allowed Claim or Interest. This provision shall not be construed as
a release of any Claims any  creditor may have against a third party on account of its Claim.

10.3    Headings.  The headings of the Articles, paragraphs and sections of this Plan
are  inserted for convenience only and shall not affect the interpretation hereof. This Plan,
including any  exhibits and other attachments hereto, shall constitute the entire Plan, subject
to  amendment  or  modification solely as provided herein. Article I of this Plan is and shall be
regarded as an integral,  substantive and operative part of the Plan.

10.4    Notice.   Any notice described in or required by the terms of this Plan shall be  deemed to have been properly given:  (a) if mailed, five (5) days after the date of mailing; (b) if sent via  facsimile, on the date of the transmission confirmation; or (c) if sent by overnight mail carrier service,  on the date of receipt, to:

The Debtor:

DuffyAmedeo LLP
275 Seventh Avenue, 7th Floor
New York, New York 10010
Telephone (212) 729-5832
Facsimile: (212) 208-2437
Attn: Douglas A. Amedeo, Esq.

10.5    Revocation. The Debtor reserves the right to revoke and withdraw this Plan at  any time prior to the Confirmation Date. If the Plan is revoked or withdrawn, it shall be deemed null  and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release  of any Claim by or against the Debtor or any other entity, or to prejudice in any manner, the rights of  the Debtor or any entity in any further proceeding involving the Debtor.

10.6    Substantial Consummation.   The Plan will be deemed substantially consummated, as such term is used in § 1101(2) of the Bankruptcy Code, upon the commencement of  Distributions to the  holders of a Class of Claims under this Plan. Following such substantial consummation, any appeal, rehearing or other post-confirmation motion of any nature with respect to   this Plan or the Confirmation Order except as specifically provided herein or therein shall be rendered  moot and no longer justiciable.

10.7    Reservation of Rights.  In the event that this Plan is not confirmed or that the  Effective Date does not occur, the rights of all parties in interest in the Case shall be reserved in full.

10.8    Authorizations.   The  Debtor  is  authorized,  empowered  and  directed  to

execute such documents and take any and all other action as may be necessary or required in order to effectuate the terms of this Plan.

        10.9    <u>Transaction on Business Days.</u>  If the Effective Date or any other date on which a transaction or Distribution may occur hereunder shall fall on a day that is not a Business Day, the transaction or Distribution shall instead take place on the next Business Day.

**Article XI**

**<u>Retention of Jurisdiction</u>**

The Bankruptcy Court shall retain jurisdiction of these proceedings under the provisions of the Bankruptcy Code, including, without limitation, § 1142(b) thereof and of the Bankruptcy Rules to ensure that the intent and the purpose of the Plan is carried out and given effect. Without limitation by reason of specification, the Bankruptcy Court shall retain jurisdiction for the following purposes:

a) To consider any modification of the Plan pursuant to section 1127 of the Bankruptcy Code and/or any modification of the Plan after substantial consummation thereof,

b) To hear and to determine:

   i)  any and all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan,

   ii)  any and all controversies, suits and disputes, if any, as may arise between or among the holders of any Class of Claim and the Debtor, including objections to Claims,

   iii)  any and all Causes of Action which may exist on behalf of the Debtor, and

iv) applications for allowance of compensation and objections to Claims or Interests, which have been timely asserted in accordance with orders of this Bankruptcy Court, and any and all pending applications, adversary proceedings and litigated matters.

Dated:  November 3, 2014                    **SIDDIQUI GROUP OF COMPANIES, LLC**


By:  /s/  Muhammad Siddiqui
             President

-

DuffyAmedeo LLP
Proposed Counsel to the Debtor,
Siddiqui Group of Companies, LLC

By:  /s/ Douglas A. Amedeo
          Douglas A. Amedeo
275 Seventh Avenue, 7th Floor
New York, New York 10010
Telephone (212) 729-5832
Facsimile: (212) 208-2437