| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------- x<br>In re                                                                    :<br>                                                                              :<br>SIDDIQUI GROUP OF COMPANIES, LLC,    :<br>                                                                              :<br>                                                                              :<br>                                                                              :<br>                                       Debtor.              :<br>-------------------------------------------------------- x | HEARING DATE AND TIME:<br>April 7, 2015 at 10:30 a.m.<br><br><br>Chapter 11<br><br>Case No.  14-41353 (ESS) |

### NOTICE OF MOTION OF THE UNITED STATES TRUSTEE
### FOR ORDER CONVERTING OR DISMISSING CHAPTER 11 CASE

PLEASE TAKE NOTICE that, upon the within motion and the concurrently-filed memorandum of law and declaration, William K. Harrington, the United States Trustee for Region 2, in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), will move this Court before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the Conrad B. Duberstein Courthouse, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on **April 7, 2015, at 10:30 a.m.**, or as soon thereafter as counsel can be heard, for the entry of converting this chapter 11 case to chapter 7, or, in the alternative, an order dismissing this chapter 11 case, and for such other and further relief as the Court may deem just and proper. The original application and supporting statements are on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE, that any responsive papers should be filed with the Court, and personally served on the United States Trustee, at 201 Varick Street, Suite 1006, New York, New York, to the attention of Nazar Khodorovsky, Esq., no later than seven (7) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure

and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated:   New York, New York
             February 20, 2015

                                            WILLIAM K. HARRINGTON
                                            UNITED STATES TRUSTEE, REGION 2

                            *By:*    */s/ Nazar Khodorovsky*
                                            Nazar Khodorovsky
                                            Trial Attorney
                                            201 Varick Street, Suite 1006
                                            New York, New York 10014
                                            Tel. No. (212) 510-0500
                                            Fax No. (212) 668-2255

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**SIDDIQUI GROUP OF COMPANIES, LLC,**

**Chapter 11**

**Case No. 14-41353 (ESS)**

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER CONVERTING THIS CHAPTER 11 CASE TO
CHAPTER 7, OR, IN THE ALTERNATIVE, DISMISSING THIS CHAPTER 11 CASE**

TO: THE HONORABLE ELIZABETH S. STONG,
    UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, and in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), moves this Court for an order pursuant to 11 U.S.C. § 1112(b) converting this chapter 11 case to a case under chapter 7 (the "Motion"), or, in the alternative, dismissing this chapter 11 case. In support thereof, the United States Trustee respectfully represents as follows:

## INTRODUCTION

There is cause to convert or dismiss this single asset real estate chapter 11 case for the Debtor's failure to meet its administrative obligations as a debtor-in-possession under several enumerated provisions of 11 U.S.C. § 1112(b)(4). The Debtor has failed to file its monthly operating reports for October 2014, November 2014, and December 2014 in violation of Section 1112(b)(4)(F). The Court's order, signed on March 27, 2014 (the "Status Conference Order"), among other things,

1

directed the Debtor to file monthly operating reports no later than by the 20th day of each month. The Debtor's failure to comply with the Status Conference Order also constitutes cause to dismiss or convert its case under Section 1112(b)(4)(E). Finally, because the Court has granted Debtor's secured creditor's motion for relief from the automatic stay to continue with foreclosure proceedings, the Debtor will likely be unable to confirm a plan of reorganization.

Conversion of this case to chapter 7 would be in the best interests of creditors and the estate. Although the secured creditor's motion for relief from the automatic stay has been granted, the Debtor's sole tenant owes the Debtor unpaid rent, the collection of which may lead to recoveries for unsecured creditors.

**FACTS**

On March 24, 2014 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. *See* ECF Doc. No. 1. The United States Trustee was not able to appoint an official committee of unsecured creditors in this case. *See* Declaration of Nazar Khodorovsky in Support of the Motion (the "Khodorovsky Declaration"), ¶ 2.

Mohammad J. Siddiqui ("Mr. Siddiqui") is the Debtor's president and sole member. *See* Decl. Of Mohammad J. Siddiqui Pursuant to Local Rule 1007-4 dated April 2, 2014 (the "Siddiqui Local Rule Declaration"), ¶ 1, ECF Doc. No. 19. According to the Siddiqui Local Rule Declaration, the Debtor "is a single asset real estate company." Siddiqui Local Rule Decl., ¶ 3. The Debtor's key valuable asset is commercial property at "1445 Newbridge Road, North Bellmore, New York" (the "Property"). *Id*. The Debtor has a single tenant, R.R.T. Food Corp. ("RRT"), a convenience store located at the Property. *Id.* Mr. Siddiqui is RRT's sole owner. Rent from RRT is the Debtor's sole source of income. *Id.*

According to the Statement of Financial Affairs (the "SOFA"), the Debtor received no gross income of any kind during the two years preceding the Filing Date. *See* SOFA, ECF Doc. No. 18, questions 1 and 2. According to Schedule B, RRT owes the Debtor $45,000 in unpaid rent (the "Rent Liability"). *See* Schedule B, ECF Doc. No. 13. Other than the Property and the Rent Liability, the Debtor has no other assets. *See* Schedules A, B, ECF Doc. No. 13.

PBM Dev., LLC ("PBM"), the Debtor's sole secured creditor, has a mortgage on the Property aggregating $380,000. *See* Schedule D, ECF Doc. No. 13. According to Schedule E, the Debtor owes over $2,000 in priority claims for taxes to the State of New York. *See* Schedule E, ECF Doc. No. 13. The Debtor's unsecured creditors aggregate a little over $3,000 in claims. *See* Schedule F, ECF Doc. No. 13.

According to the Debtor's latest monthly operating report (for September 2014) (the "September Report"), as of September 30, 2014, the Debtor had $44.27 in its bank account. *See* Sept. Report, ECF Doc. No. 43. Cash infusions from the Debtor's principal, aggregating less than $700, were the Debtor's sole source of income during the case. *Id.* The Debtor has made no payments to its secured creditor during the pendency of the case. *Id.* On January 12, 2015, Debtor's attorney Douglas A. Amedeo, Esq. informed the United States Trustee in writing that Mr. Siddiqui has been hospitalized since December 6, 2014. *See* Khodorovsky Decl., ¶ 5.

On March 27, 2014, the Court entered the Status Conference Order directing the Debtor to:

> file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case . . . and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period.

*See* ECF Doc. No. 7.

The Debtor has failed to file any monthly operating reports for October 2014, November

2014, and December 2014.  *See* Khodorovsky Decl., ¶ 3.  The Debtor owes $325.43 in estimated United States Trustee quarterly fees for fourth quarter 2014, pursuant to 28 U.S.C. § 1930(a)(6), and any applicable interest thereon, pursuant to 31 U.S.C. § 3717.  *See* Khodorovsky Decl., ¶ 4.  Quarterly fees, and applicable interest, will continue to accrue until the case is dismissed, converted, or closed by means of a final decree, whichever happens earlier.

By order signed on January 6, 2015 (the "Lift Stay Order"), the Court granted PBM's motion seeking relief from the automatic stay.  *See* Lift Stay Order, ECF Doc. No. 51.  The Lift Stay Order provides for relief from the automatic stay to allow PBM to continue with its foreclosure action regarding the Property.  *Id.*

On November 3, 2014, the Debtor filed a plan of reorganization (the "Plan") with the Court.  *See* ECF Doc. No. 41.  No disclosure statement in connection with the Plan has been filed.  No confirmation hearing with regard to the Plan has been scheduled.  *See* Khodorovsky Decl., ¶¶ 7-8.

## ARGUMENT

### A.    There is Cause to Convert or Dismiss this Case Because the Debtor Has Failed to Comply with the Administrative Requirements of the Bankruptcy Code.

Due to the Debtor's failure to file its monthly operating reports and violations of court orders, the United States Trustee finds material grounds for relief under 11 U.S.C. § 1112.[1]  28 U.S.C. § 586(a)(8).  These reasons also provide express cause for the conversion or dismissal of this chapter 11 case under Section 1112(b)(4).  11 U.S.C. § 1112(b)(4) (E) and (F).

---

[1]  Under the BAPCPA, "in any case in which the United States trustee finds material grounds for relief under section 1112 [ ], the United States trustee shall apply promptly [for such] relief."  28 U.S.C. § 586(8).  *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

Section 1112(b) of the Bankruptcy Code provides, in part, that, on request of a party in interest, an after notice and a hearing,

> the Court <u>shall</u> convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added) (as amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010)).

Here, the following enumerated factors exist**:**

(a) failure to comply with court orders in violation of 11 U.S.C. § 1112(b)(4)(E); and

(b) failure to comply with periodic reporting requirements in violation of 11 U.S.C. § 1112(b)(4)(F).

11 U.S.C. § 1112(b)(4).

### **Failure to File Monthly Operating Reports**

Under 11 U.S.C. § 704(8), as made applicable through 11 U.S.C. §§ 1107(a) and 1106(a)(1), and Rule 2015(a) of the Federal Rules of Bankruptcy Procedure, chapter 11 debtors are required to file periodic financial reports during the case. "[T]imely and accurate financial disclosure is the lifeblood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal). Thus, the failure to disclose timely and accurate financial information constitutes cause to convert or dismiss under Section 1112(b)(4)(F).

By failing to file any monthly operating reports for October 2014, November 2014, and December 2014, the Debtor has engaged in "an unexcused failure to satisfy timely any filing or reporting requirement," 11 U.S.C. §1112(b)(4)(F). The Debtor's failure to fulfill this important fiduciary obligation denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important financial information regarding the Debtor's financial affairs. For instance, the cash balance in the Debtor's estate, and the Debtor's administrative solvency are unknown.

### Failure to Comply with Court Orders

Section 1112(b)(4)(E) provides that cause exists to convert or dismiss a chapter 11 case if a debtor "[fails] to comply with an order of the court." 11 U.S.C. § 1112(b)(4)(E). Here, the Debtor has violated the Status Conference Order, which directed that it file and serve monthly operating reports by the twentieth day of the month following the reporting period. *See* ECF Doc. No. 7. The Debtor failed to file any monthly operating reports for October 2014, November 2014, and December 2014. Cause, therefore, exists to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(E).

**B.     The Court Should Convert or Dismiss this Case Because the Debtor Will Be Unable To Effectuate Any Plan of Reorganization.**

In addition to the enumerated provisions of Section 1112 that set out cause for conversion or dismissal, a chapter 11 case may be converted or dismissed for other reasons, including lack of a reasonable prospect of confirming a plan of reorganization. *See In re Milasinovich*, No. 11-13-12294 TA, 2014 Bankr. LEXIS 1578, at *6-7 (Bankr. D.N.M. Apr. 11, 2014). Furthermore, in the case of *In re Babayoff*, the Court held that "conversion or dismissal of a Chapter 11 case is warranted for other reasons, including the debtor's inability to effectuate a plan and a debtor's unwarranted delay of the case through unnecessary motion practice." *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011).

In *Milasinovich*, the Court found that cause for dismissal of a case existed where a debtor lost her primary source of income, her residence, to foreclosure. *Milasinovich*, 2014 Bankr. LEXIS 1578, at *7-8. The Court noted that "lack of creditors, lack of income, and lack of progress toward plan confirmation force the Court to conclude that the Debtor cannot effectuate a plan." *Id.* Similarly, in the *Babyoff* case, the Court found that cause for dismissal or conversion existed where "the Debtor has been unable to formulate a plan of reorganization, or to make meaningful progress toward confirmation." *Babayoff*, 445 B.R. at 77.

In this case, just as in *Milasinovich* and *Babayoff*, the Debtor has failed to make meaningful progress toward achieving reorganization. The Debtor has failed to disclose how much income it has earned and how much money it has spent since the end of September 2014, over four months ago. Although the Debtor filed the Plan, it has never scheduled it for a confirmation hearing or filed a disclosure statement. *See* Khodorovsky Decl., ¶¶ 7-8. Because PBM has obtained relief from the automatic stay, reorganization in this matter seems all but impossible, once the Debtor loses the Property to foreclosure. *See* Lift Stay Order, ECF Doc. No. 51. Cause exists, therefore, to convert or dismiss this case.

### **C.** **The Court Should Convert this Case to Chapter 7.**

Conversion of this case to chapter 7 rather than dismissal is in the best interests of the estate and its creditors. According to the Debtor's schedules, RRT, the Debtor's sole tenant, owes the Debtor $45,000 in unpaid rent. *See* Schedule B. Were a chapter 7 trustee to collect the outstanding rent liability (which the Debtor's principal, who also controls RRT, appears not to have collected), distribution to creditors could be possible. Conversion is, therefore, preferable to dismissal in this case.

Section 1112(b) requires the Court to convert or dismiss a chapter 11 case if the movant establishes cause unless "the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate" and if the Debtor or another party establishes that "there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e)," 11 U.S.C. § 1112(b)(2).  Unless the Debtor establishes special circumstances, the Court should convert this chapter 11 case to chapter 7.

**D.**     **Notice**

The United States Trustee has served the Motion and Memorandum of Law by first class mail upon the Debtor, Debtor's counsel, and all other parties that filed a notice of appearance in the case. The Court will serve a notice of motion on all creditors and parties in interest.  The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion, and that no further notice is necessary or required.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this chapter 11 case to chapter 7, or, in the alternative, dismissing this chapter 11 case and granting such other relief as the Court deems proper.

Dated: New York, New York
February 20, 2015

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:    */s/ Nazar Khodorovsky*
Nazar Khodorovsky
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

SIDDIQUI GROUP OF COMPANIES, LLC,

**Chapter 11**

**Case No. 14-41353 (ESS)**

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF NAZAR KHODOROVSKY IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7, OR, ALTERNATIVELY, DISMISSING CHAPTER 11 CASE

I am a Trial Attorney for movant, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"). Within his Office, I am responsible for monitoring this chapter 11 case captioned above on his behalf. I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the PACER information system. If called, I would testify to the following:

1. Siddiqui Group of Companies, LLC (the "Debtor") commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code on March 24, 2014 (the "Filing Date").

2. The United States Trustee has not been able to appoint an official committee of unsecured creditors in this case.

3. The Debtor has failed to file operating reports for October 2014, November 2014, and December 2014.

4.      The Debtor owes $325.43 in estimated United States Trustee quarterly fees, pursuant to 28 U.S.C. § 1930(a)(6), and any applicable interest thereon, pursuant to 31 U.S.C. § 3717.

5.      On January 12, 2015, Debtor's attorney Douglas A. Amedeo, Esq. informed the United States Trustee in writing that the Debtor's principal has been hospitalized since December 6, 2014.

6.      On November 3, 2014, the Debtor filed a plan of reorganization with the Court (the "Plan").

7.      The Debtor has failed to file a disclosure statement in connection with the Plan.

8.      No confirmation hearing to approve the Plan has been scheduled to date.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
       February 20, 2015

                                        */s/ Nazar Khodorovsky*
                                        Nazar Khodorovsky

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**In re:**

**SIDDIQUI GROUP OF COMPANIES, LLC,**

**Chapter 11**

**Case No. 14-41353 (ESS)**

**Debtor.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIRMATION OF SERVICE

Nazar Khodorovsky affirms under penalty of perjury that the following is true and correct:

1. I am a trial attorney with the Office of the United States Trustee for Region 2.

2. On February 20, 2015, I caused true and correct copies of the Notice of Motion, the Motion of the United States Trustee for an order Converting this Chapter 11 Case to Chapter 7, or, in the alternative, Dismissing this Chapter 11 Case (the "Motion"), and the Declaration of Nazar Khodorovsky in Support of the Motion, to be served by first-class mail upon the parties listed on the attached Schedule A by depositing true copies of same in sealed envelopes, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the City and State of New York.

*/s/ Nazar Khodorovsky*
Nazar Khodorovsky

## Schedule A

Siddiqui Group of Companies, LLC
1445 Newbridge Road
North Bellmore, NY 11710

Todd E. Duffy, Esq.
Duffy Amedeo LLP
275 Seventh Avenue, 7th Floor
New York, NY 10001

Gary O. Ravert, Esq.
Ravert PLLC
116 West 23rd Street, Fifth Floor
New York, NY 10011

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

New York State Dept. of Taxation and Finance
Bankruptcy Section
P.O. Box 5300
Albany, NY 12205-0300